JIM D. ATKINS; CAROL L. MANNING; PRESSLEY C. STUTTS, JR.; AND JERRY WATTS, PLAINTIFFS v. CLAY PEEK; PEEK PERFORMANCE, INC.; PACIFICARE HEALTH PLAN ADMINISTRATORS, INC.; PACIFICARE LIFE AND HEALTH INSURANCE COMPANY; AND PACIFICARE INSURANCE COMPANY, DEFENDANTS; AND CLAY PEEK AND PEEK PERFORMANCE, INC., DEFENDANTS & THIRD-PARTY PLAINTIFFS v. CHARLIE LEWIS; NICHOLAS LEWIS; ZACHARY LEWIS, INDIVIDUALLY AND KINGDOM INSURANCE GROUP, LLC; AND SHEP CUTLER, INDIVIDUALLY; AND CUTLER AND ASSOCIATES, INC., THIRD-PARTY DEFENDANTS

No. COA07-1535

(Filed 4 November 2008)

**Appeal and Error— appealability—dismissal of third-party claims—separate and distinct issues from original claims asserted**

Third-party plaintiffs' appeal from the trial courts' order dismissing its claims against third-party defendants arising from a dispute concerning agreements for the sale of certain insurance products was an appeal from an interlocutory order, and thus, dismissed because: (1) the trial court did not certify the judgment for appeal under N.C.G.S. § 1A-1, Rule 54(b); (2) avoidance of a separate trial on separate claims is not such a substantial right as would justify the bypassing of Rule 54(b) requirements; and (3) third-party plaintiffs' claims against third-party defendants involve separate and distinct issues from the claims asserted by original plaintiff, and such claims were dismissed without prejudice and can be pursued in a separate trial.

Appeal by defendants and third-party plaintiffs from order entered 12 September 2007 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 15 May 2008.

*Ross Law Firm, by R. Matthew Van Sickle and C. Thomas Ross, for defendants and third-party plaintiff appellants.*

*Roberts & Stevens, P.A., by Ann-Patton Nelson and James W. Williams; Of Counsel Locke Lord Bissell & Liddell, LLP, by Michael P. Bruyere and John F. Kane, for third-party defendant appellees.*

McCULLOUGH, Judge.

This appeal arises from a dispute concerning agreements for the sale of certain insurance products. Defendants and third-party plaintiffs, Clay Peek and Peek Performance, Inc., ("third-party plaintiffs") appeal from an order dismissing their claims against third-party defendants, Charles Lewis, Zachary Lewis, Kingdom Insurance, LLC, Shep Cutler, and Cutler and Associates, Inc. ("third-party defendants") pursuant to Rules 12(b)(6) and 14(a) of the North Carolina Rules of Civil Procedure. We dismiss this appeal as interlocutory.

The relevant facts and procedural background are as follows: Defendants Pacificare Health Plan Adminsistrators, Inc., Pacificare Life & Health Insurance Co., and Pacificare Insurance Co. (collectively, "Pacificare") are Indiana corporations licensed to do business in North Carolina, with a portion of their business consisting of the recruitment of agents and the sale of Medicare insurance products. Third-party plaintiff Peek Performance, Inc. ("Peek Performance") is a South Carolina corporation, with its principle business consisting of the recruitment of qualified and licensed insurance agents in North and South Carolina. Third-party plaintiff Clay Peek is an authorized agent of Peek Performance. Peek Performance contracted with Pacificare to recruit agents and sell and market Medicare insurance products in North Carolina and other states.

On 28 August 2006, four insurance agents licensed in North Carolina, Jim D. Atkins, Carol L. Manning, Pressley C. Stutts, Jr., and Jerry Watts (collectively, "original plaintiffs"), filed an action against third-party plaintiffs. In their complaint, original plaintiffs alleged that third-party plaintiffs recruited them to sell Pacificare's medicare insurance products within the State of North Carolina. Original plaintiffs alleged further that they entered contracts with third-party plaintiffs, and under such contracts, they were to be paid specified commissions for enrolling clients into Pacificare's Medicare Advantage plans. Thereafter, without original plaintiffs' consent or knowledge, third-party plaintiffs allegedly "fraudulently assigned the commission payments due to [original plaintiffs] from [Pacificare] to [third-party plaintiffs]"; altered the terms of the contracts such that original plaintiffs were designated as "solicitors" instead of "general agents," and wrongfully refused to release original plaintiffs from their contracts with third-party plaintiffs, which prevented original plaintiffs from obtaining employment elsewhere.

Based on these allegations, original plaintiffs asserted six claims for relief against Pacificare and third-party plaintiffs including: (1) unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 (2007); (2) fraud and negligent misrepresentation; (3) breach of duty of good faith and fair dealing; (4) breach of contract; (5) quantum merit; and (6) unjust enrichment. None of these claims were asserted against third-party defendants.

On 27 October 2006, third-party plaintiffs asserted counterclaims against original plaintiffs and filed a third-party complaint against third-party defendants. In their complaint, third-party plaintiffs alleged, *inter alia*, that third-party defendants entered into and breached contracts with them by:

> failing to deliver . . . computer software to assist in the payment of commissions, by attempting to raise the cost per preset appointment, by not providing quality preset appointments, or appropriate quantity of preset appointments, and in failing to reimburse for invalid preset appointments and by delaying the payment of commissions earned and due to Peek Performance, Inc.

Third-party plaintiffs alleged that third-party defendants tortiously interfered with third-party plaintiffs' contracts by intentionally and with knowledge of existing agreements, inducing and encouraging various agents "not to perform for Peek Performance, Inc., not to renew with Peek Performance, Inc., and to seek termination of their contracts with Peek Performance, Inc[.]" Third-party plaintiffs also alleged that third-defendants slandered third-party plaintiffs, and through these actions, engaged in unfair and deceptive trade practices, in violation of N.C. Gen. Stat. § 75-1.1.

On 12 January 2007, third-party defendants moved to dismiss third-party plaintiffs' claims for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12 (2007). After a hearing on the matter, the trial court concluded that none of third-party plaintiffs' claims were "dependent upon the success, failure or continued maintenance of" original plaintiffs' claims against third-party plaintiffs and that such claims "can be pursued irrespective of the continued pursuit of Plaintiff's original claim[.]" As such, the trial court concluded that third-party plaintiffs' claims were improper under Rule 14 of the North Carolina Rules of Civil Procedure and that such claims fail to state a claim upon which relief may be granted.

**ATKINS v. PEEK**

[193 N.C. App. 606 (2008)]

N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 14(a) (2007). As such, the trial court granted third-party defendants' motions and dismissed third-party plaintiffs' claims, without prejudice.

Third-party plaintiffs appeal from the trial courts' order dismissing its claims. Third-party defendants contend that third-party plaintiffs' appeal is interlocutory and should be dismissed. We agree.

Where, as here, an order entered by the trial court does not dispose of the entire controversy between all parties, it is interlocutory. *Abe v. Westview Capital,* 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). As a general rule, a party is not entitled to immediately appeal an interlocutory order. *Id.* However, there are two exceptions in which an appeal of right lies from an order that is interlocutory. *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The first exception applies where the order represents a " 'final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Id.* (citation omitted); *see* N.C. Gen. Stat. 1A-1, Rule 54(b) (2007). Secondly, a party may appeal an interlocutory order where delaying the appeal will irreparably impair a substantial right of the party. *Abe,* 130 N.C. App. at 334, 502 S.E.2d at 881.

Neither of the two exceptions are applicable to the case *sub judice.* First, the trial court did not certify the judgment for appeal pursuant to Rule 54(b). Second, we have held that avoidance of a separate trial on separate claims is not such a substantial right as would justify the by-passing of Rule 54(b) requirements. *Green v. Duke Power Co.,* 50 N.C. App. 646, 649, 274 S.E.2d 889, 891 (1981), *aff'd,* 305 N.C. 603, 290 S.E.2d 543 (1982). Since third-party plaintiffs' claims against third-party defendants involve separate and distinct issues from the claims asserted by original plaintiff and such claims were dismissed without prejudice and can be pursued in a separate trial, the order in this case does not deprive third-party plaintiff of a substantial right. As such, this appeal must be dismissed.

Dismissed.

Judges TYSON and STROUD concur.