HARBIN YINHAI TECH. DEV. CO. v. GREENTREE FIN. GRP., INC.

[196 N.C. App. 615 (2009)]

HARBIN YINHAI TECHNOLOGY, DEVELOPMENT COMPANY, LTD., PLAINTIFF v. GREENTREE FINANCIAL GROUP, INC., AND R. CHRISTOPHER COTTONE, DEFENDANTS

No. COA08-1115

(Filed 5 May 2009)

**1. Appeal and Error— appealability—order denying partial summary judgment—order dismissing complaint—writ of certiorari**

Plaintiff's appeal from an interlocutory order denying its motion for partial summary judgment was dismissed. However, the Court of Appeals treated plaintiff's appeal from an interlocutory order of dismissal of the complaint without prejudice as a writ of certiorari and allowed the petition in its discretion because: (1) the dismissal involved a motion to dismiss on the eve of trial and a misapplication of law by the trial judge which may have been supplied with incomplete statutory authority by defendants; and (2) the ruling, unless reversed, may prejudice plaintiff should it attempt to refile this action.

**2. Appeal and Error— notice of appeal—timeliness**

Plaintiff's notice of appeal from an order of dismissal without prejudice was timely filed, even though it was filed prior to entry of the dismissal order, where the trial court announced its decision to deny the motion to set aside dismissal and the motion for Rule 11 sanctions on 30 April 2008, plaintiff filed notice of appeal on 6 May 2008 explaining that the order being appealed was rendered orally by the court on 30 April 2008 and was to be entered shortly, and the order was subsequently entered on 27 May 2008.

**3. Appeal and Error— appellate rules violations—standard of review—incorrect references to record in assignments of error**

The trial court did not err by concluding plaintiff did not violate the Rules of Appellate Procedure in its brief because: (1) contrary to defendants' assertion, plaintiff set forth the standard of review in its brief as required by N.C. R. App. P. 28(b)(6); and (2) although defendants assert that plaintiff violated N.C. R. App. P. 10(c) based on incorrect references to the record in its assignments of error, all such errors were remedied by plaintiff when the Court of Appeals granted its motion to amend the page references contained in its assignments of error.

**4. Corporations— Chinese corporation—contract for services—not transacting business in this state—certificate of authority not required to maintain lawsuit**

Plaintiff Chinese corporation was not transacting business in North Carolina and thus was not required to obtain a certificate of authority in order to maintain a lawsuit in this state because: (1) N.C.G.S. § 55-15-01(b) provides that maintaining a lawsuit shall not be considered as transacting business; (2) by contracting with a Florida corporation with an office in this state and its North Carolina attorney for services involving reverse merger transactions with Nevada corporations, plaintiff was engaged in interstate commerce or was carrying on activities concerning its internal affairs, both of which were exempt from the certificate requirement by N.C.G.S. § 55-15-01(b)(2) and (8); (3) defendants and their attorney acted as independent contractors when rendering services to plaintiff, and the activities of an independent contractor cannot be attributed to a foreign corporation when determining if the corporation is required to obtain a certificate of authority; and (4) the purpose of plaintiff's corporation was to prepare documents for financial institutions in China, there was no evidence that plaintiff carried on any such activity in North Carolina, plaintiff did not maintain offices in this state and did not solicit business to any North Carolina corporations, and plaintiff's representatives had not even visited North Carolina prior to this lawsuit.

**5. Appeal and Error— appealability—motion to set aside order of dismissal—mootness**

Although plaintiff contends the trial court abused its discretion by concluding it lacked jurisdiction to deny plaintiff's motion under N.C.G.S. § 1A-1, Rule 60(b) to set aside dismissal of its complaint based on fraud, misrepresentation, and misconduct of defendants' counsel, the issue of whether the trial court should have set aside the order of dismissal is moot because the Court of Appeals reversed the order of dismissal.

**6. Pleadings— Rule 11 sanctions—remanded for further proceedings**

The trial court's denial of N.C.G.S. § 1A-1, Rule 11 sanctions for defendants' counsel based upon plaintiff's argument that defendants' counsel violated Rule 11 because its motion to dismiss was legally insufficient, filed for an improper purpose, and

HARBIN YINHAI TECH. DEV. CO. v. GREENTREE FIN. GRP., INC.

[196 N.C. App. 615 (2009)]

failed to disclose relevant legal authority is vacated and remanded for further proceedings.

Appeal by plaintiff from order entered on 28 February 2008 by Judge Yvonne Mims Evans in Mecklenburg County Superior Court and orders entered 8 April 2008 and 27 May 2008 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Bishop, Capitano & Moss, P.A., by J. Daniel Bishop and Joseph A. Davies, for plaintiff-appellant.*

*Leslie C. Rawls and Newkirk Law Office, by Robert B. Newkirk, III, for defendant-appellees.*

HUNTER, JR., ROBERT N., Judge.

Plaintiff Harbin Yinhai Technology Development Company, Ltd. appeals three orders which deny partial summary judgment, dismiss its complaint without prejudice, and deny its motion to set aside judgment of dismissal for fraud and misconduct and for Rule 11 sanctions. Defendants filed a motion to dismiss plaintiff's appeal. We dismiss the appeal for the order denying partial summary judgment as interlocutory. We agree that the order dismissing the complaint without prejudice is interlocutory; however, in our discretion under Rule 21 of the Rules of Appellate Procedure as discussed *supra*, we treat the appeal of that issue as a *writ of certiorari*, and reverse and remand. We hold that the trial court erred in concluding that it did not have jurisdiction to set aside the dismissal for attorney fraud, but dismiss the appeal on this matter as moot. We vacate the trial court's denial of Rule 11 sanctions and remand for consideration in light of this opinion.

## I. Background

Plaintiff Harbin Yinhai Technology Development Company, Ltd. ("plaintiff") is a corporation, organized under the laws of the People's Republic of China, engaged in specialty printing for financial institutions in China. Defendant Greentree Financial Group, Inc. ("Greentree") is a Florida corporation, which provides financial advisory and consulting services, with an office in Cornelius, North Carolina. Defendant, R. Christopher Cottone ("Cottone"), an officer of Greentree, is a resident of Florida. On 18 October 2004, plaintiff contracted with Greentree and Cottone (collectively "defendants") for assistance in arranging a reverse merger transaction with a public

shell corporation whose shares were traded in the over-the-counter bulletin board of NASDAQ.

Plaintiff asserts it paid defendants $70,000.00 for consulting services, and deposited $500,000.00 into escrow, to be released upon the closing of the reverse merger. Upon defendants' recommendation, plaintiff retained the services of defendants' North Carolina Attorney, Harold H. Martin.

Defendants identified WorldTeq Group International, Inc. ("WorldTeq"), a Nevada Corporation, as a suitable reverse merger target. However, after WorldTeq was delisted, defendants identified GFR Pharmaceuticals, Inc. ("GFRP"), a Nevada corporation, as a substitute target for the merger.

On 15 August 2005, defendants faxed plaintiff a letter confirming that plaintiff "will not incur any additional expenses to close the deal with GFRP instead of WorldTeq" and that the "$500,000 paid into Greentree's escrow will be applied to the GFRP deal in lieu of WorldTeq." In October of 2005, plaintiff terminated the merger with GFRP because of its concern that the transaction would give rise to significant liabilities, following the merger. Around 11 October 2005, plaintiff asked defendants to return its escrow deposit of $500,000.00. Defendants replied that there was only $350,000.00 in escrow funds because defendants had applied the remaining $150,000.00 to cover expenses. Plaintiff contends that defendants did not return the escrow funds of $350,000.00 until April of 2006.

On 10 April 2007, plaintiff filed claims against defendants for: breach of contract, breach of fiduciary duty, conversion, civil theft and embezzlement, unfair and deceptive trade practices, and constructive fraud. Defendants filed answers denying plaintiff's allegations. Defendants failed to respond in a timely manner to plaintiff's requests for admissions and were deemed, by order entered 28 February 2008, to have conclusively admitted that "[plaintiff] deposited a total of $500,000 into escrow with [defendants] as escrow agent". Plaintiff moved for partial summary judgment and the matter was heard on 26 February 2008. The Honorable Yvonne Mims Evans denied the motion on 28 February 2008 ("order denying partial summary judgment").

On 31 March 2008, when the matter was scheduled for trial, defendants moved to dismiss on the grounds that plaintiff had failed to obtain a certificate of authority to do business as a foreign corpo-

HARBIN YINHAI TECH. DEV. CO. v. GREENTREE FIN. GRP., INC.

[196 N.C. App. 615 (2009)]

ration, pursuant to N.C. Gen. Stat. § 55-15-02. Lacking prior notice of defendants' motion, plaintiff requested that the trial court allow it a brief period to research the issue. The Honorable Timothy S. Kincaid denied plaintiff's request and dismissed the case without prejudice on 31 March 2008. A written order of dismissal "order of dismissal") was subsequently entered on 8 April 2008.

On 31 March 2008, plaintiff filed a motion to reconsider dismissal order. On or about 10 April 2008, plaintiff filed a joint motion to set aside judgment of dismissal for fraud and misconduct and for Rule 11 sanctions. Plaintiff claimed that defendants' attorney had violated Rule 11 because its motion to dismiss was lacking in legal merit. Plaintiff contended that defendants' counsel misled the trial court by failing to disclose the controlling legal authority of N.C. Gen. Stat. § 55-15-01. The Honorable Timothy S. Kincaid denied plaintiff's motions on 30 April 2008. A written order was entered on 27 May 2008 that denied the motion to set aside judgment of dismissal for fraud and misconduct "denial of the motion to set aside dismissal") and motion for Rule 11 sanctions("denial of Rule 11 sanctions").

Plaintiff filed notice of appeal on 6 May 2008. Defendants filed a motion to dismiss this appeal on 24 November 2008.

## II. Defendants' Motion to Dismiss Appeal

Defendants move to dismiss this appeal and argue that: 1) both the order denying partial summary judgment and the order of dismissal are interlocutory; 2) this Court lacks jurisdiction over the order denying the motion to set aside dismissal and Rule 11 sanctions; and 3) plaintiff violated the Rules of Appellate Procedure. We grant defendants' motion to dismiss plaintiff's appeal of the order denying partial summary judgment.

A. Interlocutory Orders.

[1] An interlocutory order is "one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). There is generally no right to appeal an interlocutory order. *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App.

654, 655, 331 S.E.2d 217, 218, *disc. review denied,* 315 N.C. 183, 337 S.E.2d 856 (1985).

Orders which deny summary judgment are ordinarily interlocutory and not appealable. *Cagle,* 111 N.C. App. at 245, 431 S.E.2d at 802. A party is only permitted to appeal from an interlocutory order if there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal or if delaying the appeal would prejudice a substantial right. *Liggett Group v. Sunas,* 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993). As neither exception applies, we dismiss plaintiff's appeal of the order denying partial summary judgment.

We also agree with defendants that trial court's order of dismissal without prejudice is interlocutory. Unless an exception applies, an order of dismissal without prejudice is interlocutory. *See Atkins v. Peek,* 193 N.C. App. 606, 609, 668 S.E.2d 63, 65 (2008) (holding that the order of the dismissal without prejudice was interlocutory because it did not deprive the appellant of a substantial right). It is our view that the administration of justice will be best served by using our discretionary authority under Rule 21 of the N.C. Rules of Appellate Procedure to issue a *writ of certiorari* on the following question: Did the trial court err as a matter of law in determining that the plaintiff was transacting business in North Carolina and needed a certificate of authority to maintain its lawsuit within the meaning of N.C. Gen. Stat. §55-15-02?" *See* N.C. R. App. P. 21(a)(1) (2009).

A *writ of certiorari* "will only be issued upon a showing of appropriate circumstances in a civil case where the right of appeal has been lost by failure to take timely action or where no right to appeal from an interlocutory order exists." *Graham v. Rogers,* 121 N.C. App. 460, 464, 466 S.E.2d 290, 293 (1996). Because the dismissal in this case involves a motion to dismiss on the eve of trial, a misapplication of law by the trial judge which may have been supplied with incomplete statutory authority by defendants and because this ruling, unless reversed, may prejudice plaintiff should it attempt to refile this action, we find there to be "appropriate circumstances" in which to grant the writ. Furthermore, the parties have fully briefed these issues. Thus, we reach the merits of this issue.

B. Lack of Jurisdiction

**[2]** Defendants assert that this Court does not have jurisdiction over the order denying the motion to set aside dismissal and motion for Rule 11 sanctions because the notice of appeal was not timely filed.

Rule 3 of the North Carolina Rules of Appellate Procedure requires a notice of appeal to be filed "within 30 days after entry of judgment[.]" N.C. R. App. P. 3(c)(1) (2009). We have previously held that:

> "rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice, while entry of an order initiates the thirty-day time limitation within which notice of appeal *must* be filed and served."

*Merrick v. Peterson*, 143 N.C. App. 656, 660, 548 S.E.2d 171, 174 (citation omitted), *disc. review denied*, 354 N.C. 364, 556 S.E.2d 572 (2001).

On 30 April 2008, the trial court announced its decision to deny the motion to set aside dismissal and the motion for Rule 11 sanctions. Plaintiff filed notice of appeal on 6 May 2008, explaining that the order being appealed was "rendered orally by [the court] on April 30, 2008 and to be entered shortly." The order was subsequently entered on 27 May 2008. Defendants' contention that plaintiff was required to file another notice of appeal after 27 May 2008 is incorrect, and therefore, plaintiff's notice of appeal was timely filed.

C. Appellate Procedure Violations

**[3]** Defendants argue that plaintiff violated the Rules of Appellate Procedure, in its brief, by: 1) failing to state the standard of review in its first argument, 2) failing to make clear references to the record and transcript in its assignments of error, 3) assigning error to matters that were not ordered by the trial court in its fifth assignment of error, and 4) failing to state the legal basis for its sixth assignment of error. Defendants' contentions, if correct, concern nonjurisdictional violations, and are not of an egregious nature warranting dismissal.

Our Supreme Court described three commonly occurring circumstances of default under the appellate rules: "(1) waiver occurring in the trial court; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 657 S.E.2d 361, 363 (2008). The Court stressed that "only in the most egregious instances of nonjurisdictional default will dismissal of the appeal be appropriate." *Id.* at 200, 657 S.E.2d at 366. The nonjurisdictional rules at issue in the present case are Rule 10(c)(1), which directs the form of assignments of error, and Rule 28(b), which governs the content of the appellant's brief. *See* N.C. R. App. P. 10(c)(1), 28(b) (2009).

Defendants claim that plaintiff failed to state the standard of review in its first argument, as required by Rule 28(b)(6) of the Rules of Appellate Procedure. We disagree. In its brief, plaintiff set forth the standard of review when it stated that:

> dismissal of the complaint was error because the facts [the trial court] found did not support its conclusion that [plaintiff] is "transacting business" in this state. Harold Lang Jewelers, Inc. v. Johnson, 156 N.C. App. 187, 189, 191, 576 S.E.2d 360, 361, 362 (applying standard of review), disc. review denied, 357 N.C. 458, 585 S.E.2d 765 (2003)[.]

Defendants assert that plaintiff violated Rule 10(c) because it made incorrect references to the record in its assignments of error. *See* N.C. R. App. P. 10(c)(1) (requiring each assignment of error to have clear and specific references to the record or transcript). All such errors were remedied by plaintiff when we granted its motion to amend the page references contained in its assignments of error.

### III. Issues

Plaintiff's remaining arguments are that the trial court erred in: (1) ordering dismissal of the case for plaintiff's failure to obtain a certificate of authority, (2) denying its motion to set aside dismissal, and (3) denying its motion for Rule 11 sanctions.

### IV. Order of Dismissal

[4] Plaintiff assigns error to the order of dismissal for plaintiff's failure to obtain a certificate of authority pursuant to N.C. Gen. Stat. § 55–15-02. When determining whether a party is required to obtain a certificate of authority, our Court reviews whether the trial court's factual findings support its conclusions of law. *Harold Lang Jewelers, Inc. v. Johnson,* 156 N.C. App. 187, 191, 576 S.E.2d 360, 362-63, *disc. review denied,* 357 N.C. 458, 585 S.E.2d 765 (2003). We reverse the order of dismissal and hold that the trial court erred in concluding that plaintiff was required to obtain a certificate of authority.

A foreign corporation is not required to obtain a certificate of authority unless it is "transacting business" in North Carolina. N.C. Gen. Stat. § 55-15-02 provides:

> No foreign corporation *transacting business in this State* without permission obtained through a certificate of authority . . . shall be permitted to maintain any action or proceeding in any

.court of this State unless the foreign corporation has obtained a certificate of authority prior to trial.

N.C. Gen. Stat. § 55-15-02 (2007) (emphasis added).

N.C. Gen. Stat. § 55-15-01(b) provides a list of activities which "shall not be considered to be transacting business in this State solely for the purposes of this Chapter[.]" N.C. Gen. Stat. § 55-15-01(b) (2007). Some of the relevant exclusions include:

(1) Maintaining or defending any action or suit . . . ;

(2) Holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs;

. . . .

(8) Transacting business in interstate commerce[.]

*Id.*

The trial court found that plaintiff's initiation of a lawsuit against defendants constituted transacting business. However, N.C. Gen. Stat. § 55-15-01(b) provides that maintaining a lawsuit shall not be considered as transacting business. N.C. Gen. Stat. § 55-15-01(b)(1). "[A] foreign corporation need not obtain a certificate of authority in order to maintain an action or lawsuit so long as the company is not otherwise transacting business in this State." *Quantum Corporate Funding, Ltd. v. B.H. Bryan Bldg. Co.*, 175 N.C. App. 483, 486, 623 S.E.2d 793, 796 (2006); *see also* N.C. Gen. Stat. § 55-15-01 Official Comment (2007) ("[A] corporation is not 'transacting business' solely because it resorts to the courts of the state to recover an indebtedness, enforce an obligation, . . . or pursue appellate remedies.").

The trial court also found that plaintiff transacted business in North Carolina by contracting with defendants and their attorney, Harold H. Martin ("Martin"), to perform the following services: locating a shell corporation so that plaintiff could become a publicly traded company, executing a plan of exchange for a reverse merger into a Nevada corporation, serving as an escrow agent, and preparing corporate documents and SEC filings. The trial court erred when it concluded that plaintiff was transacting business by engaging in those activities because each activity is excluded by the provisions in N.C. Gen. Stat. § 55-15-02(b) governing interstate commerce and internal affairs. *See* N.C. Gen. Stat. § 55-15-02(b).

The Commerce Clause grants and reserves to Congress the regulation of "commerce with foreign nations, and among the several

states[.]" U.S. Const. art. I, § 8, cl. 3. A foreign corporation shall not be considered to be transacting business in this state for "[t]ransacting business in interstate commerce[.]" N.C. Gen. Stat. § 55-15-01(b)(8); *see also Allenberg Cotton Co., Inc. v. Pittman,* 419 U.S. 20, 42 L. Ed. 2d 195 (1974) (holding that a foreign corporation transacting interstate business cannot be required to qualify before maintaining suit). "[E]very negotiation, contract, trade and dealing between citizens of different states . . . whether it be of goods, persons or information, is a transaction of interstate commerce." *Snelling & Snelling v. Watson,* 41 N.C. App. 193, 198, 254 S.E.2d 785, 789 (1979) (citation omitted) (deciding that the plaintiff's solicitation and negotiation of interstate licensing agreements in North Carolina were transactions of interstate commerce).

Defendants and Martin acted as independent contractors when rendering services to plaintiff. The activities of an independent contractor cannot be attributed to a foreign corporation when determining if the corporation is required to obtain a certificate of authority. *See id.* at 202, 254 S.E.2d at 792. Furthermore, any attempts to execute reverse mergers with WorldTeq and GFRP were interstate transactions, as both corporations are organized in Nevada.

Independent of the interstate commerce exclusion, plaintiff's interactions with defendants and Martin were excluded as "carrying on other activities concerning its internal affairs[.]" N.C. Gen. Stat. § 55-15-01 (b)(2). Plaintiff's relationship with defendants and Martin related exclusively to its efforts to reorganize as a publically traded company in the United States. Our Court has interpreted transacting business to " 'require the engaging in, carrying on or exercising, in North Carolina, some of the functions for which the corporation was created.' " *Harold Lang Jewelers, Inc.,* 156 N.C. App. at 190, 576 S.E.2d at 362 (quoting *Canterbury v. Hardware Imports,* 48 N.C. App. 90, 96, 268 S.E.2d 868, 872 (1980)). The activities carried on by a corporation in North Carolina must be substantial, continuous, systematic, and regular. *Canterbury,* 48 N.C. App. at 96, 268 S.E.2d at 872. "Typical conduct requiring a certificate of authority includes maintaining an office to conduct local intrastate business, selling personal property not in interstate commerce, entering into contracts relating to the local business or sales, and owning or using real estate for general corporate purposes." N.C. Gen. Stat. § 55-15-01 Official Comment.

The purpose of plaintiff's corporation was to prepare documents for financial institutions in China. There is no evidence that plaintiff

carried on any such activity in North Carolina. Plaintiff did not maintain offices in this state nor did it solicit business to any North Carolina corporations. The evidence indicates that plaintiff's representatives had not even visited North Carolina prior to this lawsuit.

Defendants argue that even though some of plaintiff's activities, viewed in isolation, do not constitute transacting business, "this lawsuit combined with multiple other activities [are] sufficient to constitute conducting business." Defendants claim that in order to determine whether plaintiff was transacting business, this Court should evaluate the "cumulative effect of its activities in North Carolina." This contention is contrary to N.C. Gen. Stat. § 55-15-01(b) which provides that "a foreign corporation shall not be considered to be transacting business in this State solely for the purposes of this Chapter, by reason of carrying on in this State *any one or more of the following activities*[.]" N.C. Gen. Stat. § 55-15-01(b); *see also* Russell M. Robinson, II, Robinson on North Carolina Corporation Law § 30.03 at 1 (2007) ("[C]onducting more than one of the listed activities [in N.C. Gen. Stat. § 55-15-01(b)] will not have the cumulative effect of requiring qualification."). Each of plaintiff's interactions with defendants and Martin concern interstate commerce or its internal affairs, and are therefore, excluded by N.C. Gen. Stat. § 55-15-01(b). The trial court erred in concluding that plaintiff transacted business in North Carolina and was required to obtain a certificate of authority. We reverse the order of dismissal and remand for further proceedings.

### V. Denial of the Motion to Set Aside Dismissal

[5] The trial court denied plaintiff's motion to set aside dismissal because of fraud, misrepresentation, and misconduct of defendants' counsel. Plaintiff argues that the trial court erred in concluding it lacked jurisdiction under Rule 60(b) to set aside an order of dismissal for fraud by a party's attorney. We agree.

We review an order ruling upon a Rule 60(b) motion to determine whether the trial court abused its discretion. *State ex rel. Davis v. Adams*, 153 N.C. App. 512, 515, 571 S.E.2d 238, 240 (2002). " 'A judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason.' " *Id.* (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)).

Rule 60(b) provides that upon motion, the court may relieve a party from a final judgment if there is fraud, misrepresentation, or

other misconduct of an *adverse* party. N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2007). Relief from attorney fraud on the court "is to be granted only where the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Purcell Int'l Textile Grp., Inc. v. Algemene AFW N.V.*, 185 N.C. App. 135, 138, 647 S.E.2d 667, (citation omitted) *disc. review denied*, 362 N.C. 88, 655 S.E.2d 840 (2007).

Here, plaintiff claimed that the dismissal was a result of the fraud and misrepresentation of defendants' attorney in its motion to dismiss for plaintiff's failure to obtain a certificate of authority. Plaintiff argued that defendants' counsel argued the motion in a misleading way by failing to provide the court with the relevant legal authority of N.C. Gen. Stat. § 55-15-01, which was paramount in the determination of whether plaintiff was required to obtain a certificate of authority. *See* N.C. Gen. Stat. § 55-15-01. The trial court erred in concluding that it lacked jurisdiction under Rule 60(b) to set aside an order of dismissal for attorney fraud. Because we are reversing the order of dismissal, the issue of whether the trial court should have set aside the order of dismissal is moot.

## VI. Denial of Rule 11 Sanctions

[6] Plaintiff contends that the trial court erred in denying Rule 11 sanctions for defendants' counsel. "[U]nder Rule 11, the signer certifies that three distinct things are true: the pleading is (1) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law (legal sufficiency); (2) well grounded in fact; and (3) not interposed for any improper purpose." *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 322, 438 S.E.2d 471, 476 (1994); N.C. R. App. P. 11(a) (2009). A violation of any one of these requirements "mandates the imposition of sanctions under Rule 11." *Dodd v. Steele*, 114 N.C. App. 632, 635, 442 S.E.2d 363, 365, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994).

After the trial court granted defendants' motion to dismiss for plaintiff's failure to obtain a certificate of authority, plaintiff filed a motion for Rule 11 sanctions and argued that defendants' counsel violated Rule 11 because its motion to dismiss was legally insufficient, filed for an improper purpose, and failed to disclose the relevant legal authority of N.C. Gen. Stat. § 55-15-01. We vacate the trial court's denial of Rule 11 sanctions and remand for further proceedings in light of this opinion.

VII. Conclusion

We grant defendants' motion to dismiss plaintiff's appeal of the order denying partial summary judgment. We reverse the order of dismissal and remand for further proceedings. We dismiss the appeal of the denial of the motion to set aside dismissal as moot and vacate the denial of Rule 11 sanctions and remand for consideration in light of this opinion.

Appeal dismissed in part; reversed and remanded in part; and vacated and remanded in part.

Judges HUNTER, Robert C., and CALABRIA concur.