An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA 14-263
NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

HUBERT JEFFRIES,
    Plaintiff,

v.

MERCEDES L. MILLER
and EDWARD L. MILLER,
    Defendants.

Forsyth County
No. 12 CVS 1970

Appeal by Plaintiff from order of dismissal without prejudice entered 7 January 2014 by Judge Richard Stone in Forsyth County Superior Court. Heard in the Court of Appeals 10 September 2014.

*Plaintiff Hubert Jeffries, pro se.*

*No brief for Defendants.*

STEPHENS, Judge.

*Procedural History*

This appeal arises from the denial of a motion by Plaintiff Hubert Jeffries for summary judgment and the subsequent dismissal without prejudice of his *pro se* complaint to quiet title to a parcel of land in Forsyth County and to cancel a 2007

deed conveying the land to Defendants Mercedes L. Miller and Edward L. Miller. On 21 March 2012, Plaintiff filed this action, alleging Defendants forged his signature on a general warranty deed to property located at 3881 Northampton Road in Winston-Salem. In their answer, Defendants denied any fraud and claimed the transaction was actually conducted by Plaintiff's wife, Queenesther Jeffries, who is listed along with Plaintiff as grantor on the deed in question and against whom Defendants had already obtained a judgment for breach of contract. Additionally, Defendants filed a Rule 12(b) motion to dismiss for failure to state a claim upon which relief can be granted and failure to join a necessary party.

After the court denied Defendants' motion, and subsequent attempts to reach a mediated settlement failed, Plaintiff filed a motion for summary judgment. In support of his motion, Plaintiff provided: (1) a copy of the allegedly forged deed; (2) a copy of a letter from North Carolina Secretary of State Elaine F. Marshall revoking the license of the notary public who notarized the deed at issue after he failed to respond to an unrelated complaint of forgery involving Plaintiff's brother-in-law, George T. Powell, Jr.; and (3) an affidavit restating the allegations from Plaintiff's original complaint that he had

never met Defendants and never made, signed, acknowledged, or delivered the deed in question to them.

Following a hearing, the trial court determined, based on a review of the pleadings and the arguments presented by Defendants' counsel, that genuine issues of material fact existed and denied Plaintiff's motion for summary judgment. In response, Plaintiff and Powell, who is not an attorney, filed motions objecting to the court's decision, requesting a new hearing on summary judgment and a jury trial, and demanding that Defendants be sanctioned for "misleading" the court as to the existence of a genuine issue of material fact, as well as criminally prosecuted for forgery. At the ensuing pretrial hearing, the court repeatedly advised Plaintiff to obtain counsel, admonished Powell for his attempts to act as Plaintiff's attorney, and continued the matter for trial. Plaintiff responded with a motion objecting to the continuance and requesting disqualification of the presiding judge for personal bias and prejudice based on her refusal to recognize Powell as his "Power of Attorney."

The matter was eventually scheduled for trial during the court's 6 January 2014 term. Plaintiff appeared *pro se* at calendar call and was given notice in open court that trial

would begin on 7 January 2014. Nevertheless, Plaintiff failed to appear for trial the following day. Instead, an "unknown person" [presumably Powell] informed the court that Plaintiff could not appear due to illness. Upon Defendants' objection to the matter being continued further, the court dismissed Plaintiff's complaint without prejudice for failure to appear and prosecute, pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure. Plaintiff gave timely notice of his intent to appeal.

*Plaintiff's Appeal*

The core of Plaintiff's *pro se* appeal seeks to challenge the denial of his motion for summary judgment, based on what appears to be a fundamental misapprehension of our State's Rules of Civil Procedure. Essentially, Plaintiff contends that because Defendants did not answer his motion for summary judgment with affidavits disproving his accusations of forgery, the trial court erred as a matter of law, abused its discretion, and deprived him of a fair and impartial hearing when it declined to grant his motion. Plaintiff also argues that dismissal of his complaint without prejudice deprived him of his right to a jury trial, and that the trial court erred in refusing to allow Powell to appear on Plaintiff's behalf by exercising his "Power of Attorney." However, given the interlocutory nature of this

appeal, we lack jurisdiction to hear any of Plaintiff's arguments and must therefore dismiss.

An interlocutory order is "one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). "There is generally no right to appeal an interlocutory order." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). The rationale behind this rule is "to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

"Orders which deny summary judgment are ordinarily interlocutory and not appealable." *Harbin Yinhai Tech. Dev. Co. v. Greentree Fin. Grp., Inc.*, 196 N.C. App. 615, 620, 677 S.E.2d 854, 858 (2009). Likewise, "[u]nless an exception applies, an order of dismissal without prejudice is interlocutory." *Id.* (citation omitted). A party is only permitted to appeal from an interlocutory order if one of two exceptions applies: first,

"where there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal," or second, "if delaying the appeal would prejudice a 'substantial right.'" *Liggett Grp., Inc. v. Sunas*, 113 N.C. App. 19, 23–24, 437 S.E.2d 674, 677 (1993).

In the present case, Plaintiff fails to grasp the interlocutory nature of his appeal and provides no explanation for how it meets either of the two established exceptions. In any event, we find that neither exception applies to either of the orders Plaintiff seeks to challenge. On the one hand, neither the order denying summary judgment nor the order of dismissal without prejudice constituted a final determination of Plaintiff's claim. On the other hand, because Rule 41(b) of our State's Rules of Civil Procedure provides that a new action may be brought based on the same claim if commenced within one year of a dismissal without prejudice, Plaintiff is still free to refile his claim, and has therefore suffered no prejudice to any substantial right. Accordingly, we dismiss.

DISMISSED

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).