MAUREEN PLOMARITIS (WARD), Plaintiff v. TITUS PLOMARITIS, Defendant

No. COA08-1303

(Filed 20 October 2009)

**Appeal and Error— interlocutory orders—production of information**

An appeal was dismissed as interlocutory in a child support matter where the order appealed from required the submission of affidavits specifying relevant extraordinary expenses, the trial court did not certify the order for immediate appeal, and defendant did not offer an argument that the order affected a substantial right.

Appeal by Defendant from order entered 9 November 2007 by Judge Susan R. Burch in Guilford County Superior Court. Heard in the Court of Appeals 6 May 2009.

*Hill, Evans, Jordan & Beatty, PLLC, by Elaine Hedrick Ashley and Robert E. Gray, III, for Plaintiff-Appellant.*

*The Law Office of Robert N. Weckworth, Jr., by Robert N. Weckworth, Jr., for Defendant-Appellee.*

BEASLEY, Judge.

Defendant appeals from an order modifying his monthly child support obligation for his four children. We dismiss this appeal as interlocutory.

Defendant and Plaintiff were married in 1984, separated in 2003, and divorced in 2004. Plaintiff and Defendant had four children together during their marriage. On 4 December 2003, Plaintiff filed a complaint against Defendant in Guilford County seeking legal and physical custody of the parties' children, child support, equitable distribution, post-separation support, and alimony. On the same day, Defendant filed a complaint seeking child support and custody.

PLOMARITIS v. PLOMARITIS

[200 N.C. App. 426 (2009)]

In March 2004, a child support order was entered in Rockingham County, ordering Defendant to pay $1,375.00 monthly in temporary child support and to pay 85% of the following expenses: health and hospitalization insurance coverage, tuition, orthodontic expenses, and uninsured medical expenses. In November 2004, a consent order was entered that ordered Defendant to be "responsible for the scheduling, transportation, and lodging of the minor child, Molly, in connection with all her golf tournaments."

In July 2006, the March 2004 order was amended in an order providing, in relevant part, that Defendant was responsible for 100% of all golf expenses incurred by their minor children, including lessons, tournaments, travel, and equipment and that Defendant was responsible for 85% of the private school tuition for one of the children.

On 5 October 2005, Defendant made a motion to modify the terms and conditions of his monthly child support obligation and certain other expenses. Defendant asked the trial court to reduce his monthly child support obligation and to:

> consider the appropriate share of each parties' responsibility for Molly's tuition and expenses at the private school/golf academy, as Defendant contend[ed] that said tuition and expenses were not in existence at the time the hearing was concluded . . . and were not considered by the Court. Furthermore, Defendant contend[ed] that the tuition and expenses of said private school/golf academy [was] beyond the scope of the intention of the Court's order as it relates to the parties responsibility for "golf expenses incurred by the minor children."

During hearings conducted on 6 October 2006, 17 November 2006, 27 November 2006, 29 November 2006, 4 December 2006, 27 July 2007, and 13 September 2007, the trial court obtained evidence of Defendant's income.

In November 2007, the trial court entered an order as follows:

1. The Defendant shall pay the sum of $700 per month as child support to the Plaintiff for the benefit of the minor child Molly. Beginning as of September 2006 and continuing so long as the minor child Evan resides with the Wallace's, the Plaintiff shall pay to the Defendant the sum of $60.00 per month as her contribution to the support of the minor child Evan.

2. Each party shall prepare an affidavit of any golf-related expenses paid which are for golf academy/instruction, tourna-

ment entry fees, tournament transportation and lodging cost, practice round cost and equipment cost within 20 days of the entry of this order and shall serve same upon the other and submit each to the Court.

3. The Defendant shall continue to be responsible for 85% of the health and hospitalization insurance coverage for the minor children Molly and Evan, 85% of the orthodontic expenses, 85% of the tuition expenses, and 85% of the uninsured medical expenses.

4. The Defendant shall pay 85% of the extraordinary expenses related to golf for the minor child Molly. These expenses shall include the cost of the golf academy, tournament entry fees, transportation and lodging cost, practice round cost and equipment cost. These expenses shall not include food costs or clothing. Defendant shall not be responsible for any amount of equipment cost which exceeds $500 per calendar year. The expenses shall be the actual cost paid by Plaintiff, but shall not exceed the estimated amounts as provided by the IGA golf academy.

5. Plaintiff shall submit evidence of actual expenses for such golf-related activities to Defendant within 30 days of incurring them. Defendant shall reimburse Plaintiff for 85% of said expenses within 30 days of its receipt. . . .

6. This order is effective as of the 1st day of November, 2005 and relates back to that date.

From this order, Defendant appeals.

---

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2007). "[A]n order 'made during the pendency of an action, which does not dispose of the case, but leaves it for further action,' is interlocutory and not immediately appealable." *Akers v. City of Mt. Airy*, 175 N.C. App. 777, 778-79, 625 S.E.2d 145, 146 (2006) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *State v. Sanchez*, 175 N.C. App. 214, 215-16, 623 S.E.2d 780, 781 (2005) (citation omitted). "Since the question whether an appeal is interlocutory presents a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless whether it is raised by the parties." *Akers*, 175 N.C. at 778, 625 S.E.2d at 146 (citation omitted).

**PLOMARITIS v. PLOMARITIS**

[200 N.C. App. 426 (2009)]

In the instant case, the trial court concluded in the November 2007 order that:

> further affidavits of actual expenses incurred by each parent for the appropriate golf-related categories of golf academy/ instruction cost, tournament entry fees, tournament transportation and lodging cost, practice round cost and equipment cost from the date of filing of the motion [were] necessary to correctly apportion each parent's contribution to the cost of the expenses.

Accordingly, the trial court ordered that each party submit affidavits to the court and to each other, specifying the relevant golf-related expenses incurred, within 20 days of the entry of the order. Thus, the order modifying child support is interlocutory as it "[did] not dispose of the case, but [left] it for further action by the trial court in order to settle and determine the entire controversy." *Embler v. Embler*, 143 N.C. App. 162, 164, 545 S.E.2d 259, 261 (2001) (citation omitted).

An interlocutory order is immediately appealable only under two circumstances. *Id.* "First, 'if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie.' " *Id.* at 164-65, 545 S.E.2d at 261 (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). In the present case, the trial court did not certify the order pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007), and therefore it is not immediately appealable under this provision. Secondly, an interlocutory order is immediately appealable if "the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Id.* at 165, 545 S.E.2d at 261 (citing *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980)). "A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment." *Interior Distribs., Inc. v. Autry*, 140 N.C. App. 541, 544, 536 S.E.2d 853, 855 (2000). "The burden is on [Defendant] to establish that a substantial right will be affected unless he is allowed immediate appeal from an interlocutory order." *Embler*, 143 N.C. App. at 166, 545 S.E.2d at 262. Defendant "offers no argument that the [November 2007] order has affected a substantial right, and we decline to construct one for him." *In re A.R.G.*, 361 N.C. 392, 397, 646 S.E.2d 349, 352 (2007).

For the foregoing reasons, we hold that there is no right to immediate appeal from this interlocutory order and dismiss Defendant's appeal.

Appeal dismissed.

Judges McGEE and HUNTER, Robert C. concur.