NO. COA13-816

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

JERMAINE S.[1] PETERS,
    Plaintiff/Husband/Father,

v.                                      Gaston County
                                        No. 12 CVD 4833
RASHEEDAH PETERS,
    Defendant/Wife/Mother.


Appeal by Defendant from Order entered 8 April 2013 by Judge

Ralph C. Gingles in Gaston County District Court. Heard in the

Court of Appeals 11 December 2013.


    *Law Office of Yolanda M. Trotman, PLLC, by Yolanda M. Trotman,
    for Plaintiff.*

    *The Blain Law Firm, PC, by Sabrina Blain, for Defendant.*


    STEPHENS, Judge.


*Factual and Procedural History*

    This case arises from the separation on 19 April 2011 of

Plaintiff Jermaine Peters and Defendant Rasheedah Peters. The

couple was married on 28 September 2002. They have one minor child

---

[1] We note that Plaintiff's middle initial is written as "D"
throughout the record on appeal and in the parties' briefs. In
order to ensure consistency between trial and appellate opinions
and pursuant to the practice and custom of this Court, however, we
use the same middle initial contained in the trial court's 8 April
2013 order — "S."

and reside in Gaston County. On 5 August 2012, acting *pro se*, Plaintiff submitted his divorce complaint in Mecklenburg County. Defendant submitted her answer two months later, on 8 October 2012, counterclaiming for child custody, child support, retroactive child support, equitable distribution, resumption of the use of her maiden name, and attorneys' fees. On 13 November 2012, venue was changed from Mecklenburg County to Gaston County pursuant to a consent order filed in Mecklenburg County District Court.[2] Despite that change, Plaintiff filed a reply to Defendant's answer with the assistance of counsel on 11 December 2012 in Mecklenburg County.[3] Defendant thereafter replied to Plaintiff's reply on 14 January 2013 in Gaston County.

The case was heard in Gaston County District Court during the 21 February 2013 civil session. During the hearing, Plaintiff made

---

[2] Though the consent order was not included in the record on appeal, its existence is not disputed by the parties. Therefore, we take judicial notice of the order for purposes of appellate review. *E.g.*, *West v. G. D. Reddick, Inc.*, 302 N.C. 201, 203, 274 S.E.2d 221, 223 (1981) ("[G]enerally a judge or a court may take judicial notice of a fact which is either so notoriously true as not to be the subject of reasonable dispute or *is capable of demonstration by readily accessible sources of indisputable accuracy*.") (citations omitted; emphasis in original).

[3] There is nothing in the record to explain why Plaintiff filed his reply in Mecklenburg County instead of Gaston County, and the parties do not discuss it in their briefs.

a motion to "dismiss/deny" Defendant's claim for retroactive child support on grounds that Defendant "failed to state a claim for which relief can be granted[] and failed to submit an [a]ffidavit of reasonable and necessary expenses as required by case law cited in the North Carolina Trial Judge's Bench Book."[4] Defendant argued that "such an [a]ffidavit is not required and that the child's expenses could be established through testimony." The district court issued an order on 8 April 2013, *nunc pro tunc*, to 21 February 2013, which denied Defendant's claim for retroactive child support. Defendant appeals from that order.

*Discussion*

On appeal, Defendant contends that the trial court erred in denying her claim because (1) her factual allegations regarding retroactive child support were adequate and (2) she was not required to file an affidavit to show the necessary and reasonable expenses incurred by the parties' child. Plaintiff responds by arguing, *inter alia*, that Defendant's appeal is interlocutory and should be dismissed. We agree with Plaintiff and dismiss Defendant's appeal as interlocutory. Accordingly, we do not address the parties' other arguments.

---

[4] There is no transcript of the proceedings in the record on appeal. This recitation of events comes from the trial court's 8 April 2013 order.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citations omitted). In contrast, a final judgment "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* at 361–62, 57 S.E.2d at 381. "Generally there is no right of immediate appeal from interlocutory orders and judgments." *Goldson v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "The reason for this rule is to prevent fragmentary, premature[,] and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Harbin Yinhai Tech. Dev. Co. v. Greentree Fin. Grp., Inc.*, 196 N.C. App. 615, 619–20, 677 S.E.2d 854, 857–58 (2009).

Despite this general rule,

> [i]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay [pursuant to Rule 54(b)]. . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.

*Sharpe v. Worland*, 351 N.C. 159, 161–62, 522 S.E.2d 577, 579 (1999) (citations omitted). "When an appeal is interlocutory [and not certified for appellate review pursuant to Rule 54(b)], the appellant must include in [the] statement of grounds for appellate review sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (citing N.C.R. App. P. 28(b)(4)), *affirmed per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). Otherwise, the appeal is subject to dismissal. *Rousselo v. Starling*, 128 N.C. App. 439, 444, 495 S.E.2d 725, 729 (1998) (noting that failure on the part of the appellant to establish that the trial court's order affects a substantial right "subjects an appeal to dismissal").

In this case, Defendant provided the following statement regarding the grounds for her appeal of the trial court's order:

> At the time this appeal was filed, other claims remained outstanding between the parties in the trial court, so this appeal from [the o]rder is interlocutory. However, the [o]rder affects [Defendant's] substantial right in that it deprives her [of r]etroactive [s]upport and more particularly deprives her of the use of funds expended in supporting the child prior to the date of filing her claim for [c]hild [s]upport and impedes her ability to support the child in the future.

This statement is insufficient.

> It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). In making such a showing, "[t]he appellant[] must present more than a bare assertion that the order affects a substantial right; [she] must demonstrate *why* the order affects a substantial right." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277–78, 679 S.E.2d 512, 516 (2009) (emphasis in original). Rule 28 of the North Carolina Rules of Appellate Procedure clarifies that, at a minimum, a party's statement of grounds for appellate review must "include citation of the statute or statutes permitting appellate review. . . . When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4).

Defendant's statement of grounds for appellate review in this case includes no citation to the statute permitting review. In addition, Defendant fails to offer any legal reason that the trial

court's order affects a substantial right. Instead, she simply asserts that it does. Where the appellant fails to carry her burden in this circumstance, the appeal will be dismissed. *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254 ("[The defendant] presented neither argument nor citation to show this Court that [the defendant] had the right to appeal the order dismissing its counterclaims."). Because Defendant presents no argument to show that she has the right to immediate review of the trial court's order, we hold that she failed to carry her burden and dismiss her appeal as interlocutory. *See id*; *Plomaritis v. Plomaritis*, 200 N.C. App. 426, 429, 684 S.E.2d 702, 704 (2009) (dismissing as interlocutory the defendant-husband's appeal of an order modifying his monthly child support obligation because the defendant "offers no argument that the . . . order has affected a substantial right, and we decline to construct one for him").

Nevertheless, we also conclude that Defendant's appeal is improper because it is based on an interlocutory order not affecting a substantial right. "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and internal quotation marks omitted).

> The test for whether a substantial right has been affected consists of two parts: (1) the right itself must be substantial; and (2) the deprivation of that substantial right must potentially work injury to the appealing party if not corrected before appeal from final judgment. Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed.

*Builders Mut. Ins. Co. v. Meeting Street Builders, LLC*, __ N.C. App. __, __, 736 S.E.2d 197, 199 (2012) (citations, internal quotation marks, and brackets omitted).

> The right to immediate appeal [of an order affecting a substantial right] is reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed. Our courts have generally taken a restrictive view of the substantial right exception.

*Turner*, 137 N.C. App. at 142, 526 S.E.2d at 670. While this Court has not determined whether an ordering denying *retroactive* child support, standing alone, affects a substantial right, *cf. Appert v. Appert*, 80 N.C. App. 27, 33, 341 S.E.2d 342, 345 (1986) (holding that an order regarding *prospective* child support affects a substantial right), we have addressed the substantial right question in a number of similar, instructive scenarios.

In *Stephenson v. Stephenson*, we held that an order awarding alimony *pendente lite*, child support *pendente lite*, and attorneys' fees *pendente lite* constituted an interlocutory decree, which

could not be immediately appealed. 55 N.C. App. 250, 251, 285 S.E.2d 281, 282 (1981). There we noted that, "[i]n the majority of appeals from *pendente lite* awards[,] it is obvious that a final hearing may be had in the district court and final judgment entered much more quickly than this Court can review and dispose of the *pendente lite* order." *Id.* (italics added). Therefore, we reasoned,

> [t]here is an inescapable inference drawn from an overwhelming number of appeals involving *pendente lite* awards that the appeal too often is pursued for the purpose of delay rather than to accelerate determination of the parties' rights. The avoidance of deprivation due to delay is one of the purposes for the rule that interlocutory orders are not immediately appealable.

*Id.* (italics added). The following year we applied the reasoning of *Stephenson* to an award of child support and a *pendente lite* award of alimony, concluding that "child support orders entered in conjunction with orders for alimony *pendente lite*" are not subject to immediate appellate review even when the child support order is not designated "*pendente lite*." *Fliehr v. Fliehr*, 56 N.C. App. 465, 466, 289 S.E.2d 105, 106 (1982) (citing the delay rationale articulated in *Stephenson*). Relying on *Stephenson* and other similar cases, we stated in 2001 that "[i]nterlocutory appeals [challenging] *only the financial repercussions* of a separation or divorce generally have not been held to affect a substantial

right." *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 262 (2001) (collecting cases) (emphasis added).

In certain *limited* factual contexts, however, we have nonetheless determined that an order pertaining to the financial repercussions of a separation or divorce affects a substantial right. In *McGinnis v. McGinnis*, for example, we held that an order enforcing an out-of-state order, which granted the plaintiff's claim for $4,225.00 in arrearages for alimony and child support and *imposed a continuing support obligation*, affected a substantial right and was immediately appealable. 44 N.C. App. 381, 387, 261 S.E.2d 491, 495 (1980) (citations omitted). Six years later, in *Appert*, we determined that an order affected a substantial right when it directed that *prospective* child support funds be placed in escrow if the parties' minor children failed or refused to abide by certain visitation privileges. 80 N.C. App. at 28, 33, 341 S.E.2d at 342, 345. There, in determining that the order affected a substantial right, we focused on the trial court's statement that the support was "*reasonably necessary for the support and maintenance of the children*." *Id.* at 33, 341 S.E.2d at 345 (noting that "[i]t is usually necessary to resolve the question in each case by considering *the particular facts of that case and the procedural context* in which the order from which appeal is

sought was entered") (citation and internal quotation marks omitted; emphasis added).

In both *McGinnis* and *Appert*, we elected to review the parties' appeals as affecting a substantial right when the trial courts' respective orders dealt, in part, with whether *future* child support payments would be available. In those cases, one party's right to receive or access future payments, if actually owed, was in jeopardy. Therefore, we correctly determined that the right was substantial as implicating the child's right to receive support. In this case, however, Defendant is appealing the trial court's denial of her claim for *past* child support payments. While such payments might be owed, the right to receive reimbursement cannot be lost by our decision to refrain from granting immediate appellate review. The funds have already been expended, and Defendant's right to reimbursement cannot be irremediably adversely affected by waiting until the natural conclusion of the proceedings below. The harm done to Defendant, if any, has already occurred and cannot intensify. This is distinct from the harm that *could be* done in the context of *prospective* child support payments. There, immediate appellate review might function to reverse or mitigate such harm if child support payments were improvidently granted or denied. Therefore, we believe we are bound by the

general rule articulated in *Embler* and applied in *Stephenson* and *Fliehr*.

For the above reasons, Defendant's appeal is dismissed as based on an interlocutory order not affecting a substantial right.

DISMISSED.

Judges STEELMAN and DAVIS concur.