An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1239
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

EDWIN CARL FRENCH,
    Plaintiff,

v.                                      Buncombe County
                                        No. 11 CVD 6035
REBEKAH ABRAMS FRENCH,
    Defendant.

Appeal by defendant from order entered 15 May 2013 by Judge Susan Dotson-Smith in Buncombe County District Court. Heard in the Court of Appeals 18 March 2014.

*Mary Elizabeth Arrowood for defendant-appellant.*

*No brief was filed on behalf of plaintiff.*

BRYANT, Judge.

Because defendant appeals from an interlocutory order not certified for immediate appeal and fails to establish that a substantial right will be lost if immediate appellate review is not allowed, we dismiss this appeal.

On 2 December 2011 in Buncombe County District Court, plaintiff Edwin Carl French filed a complaint for an absolute divorce from defendant Rebekah Abrams French. The parties had

previously entered into a Separation and Property Settlement Agreement which required that it be incorporated into a judgment for divorce. On 23 January 2012, judgment was entered granting plaintiff an absolute divorce and incorporating the separation agreement which "address[ed] all issues regarding equitable distribution and support[.]"

Pursuant to the separation agreement, the parties acknowledged they would not likely be able to sell the marital home for a price equal to or higher than the combined mortgage debt of $166,000.00. Nevertheless, the agreement required that the home be listed for sale at a price that would equal or exceed the amount of debt secured by the home if certain conditions were not met. Thereafter, plaintiff filed against defendant a motion "to show cause (contempt) or to compel" for failure to refinance, renovate, or otherwise remove plaintiff's name from the mortgage, and for attorney fees. After a hearing, the court found that defendant had shown why she should not be held in contempt of court; however, defendant was ordered to immediately reduce the asking price and aggressively market the marital residence for sale. Included in the order was a denial of plaintiff's motion for attorney fees. A subsequent review hearing was held on 3 April 2013. The court ordered that

defendant drop the asking price for the home incrementally over the next two months and ordered another review hearing if the residence did not sell before 1 July 2013. The court noted that although defendant owed plaintiff attorney fees for failure to perform under the terms of the 23 January 2012 judgment, defendant could purge this obligation if she sold or refinanced the house by a date certain. Further, the trial court noted that if the house did not sell, the court "may entertain testimony regarding Defendant's criminal Contempt[.]" Therefore, it appears the issue of contempt was left open as was the issue of attorney fees. Defendant appeals.

_____

Defendant raises several issues on appeal. However, because defendant appeals from an order which leaves open issues yet to be determined, we must first consider whether this appeal is properly before this Court.

*Interlocutory appeal*

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1 Rule 54(a) (2013). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in

order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments. Since the question whether an appeal is interlocutory presents a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless whether it is raised by the parties." *Plomaritis v. Plomaritis*, 200 N.C. App. 426, 428, 684 S.E.2d 702, 704 (2009) (citation and quotations omitted).

> An interlocutory order is immediately appealable only under two circumstances. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen.Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. . . . Secondly, an interlocutory order is immediately appealable if the challenged order affects a substantial right of the appellant that would be lost without immediate review. A substantial right is a right which will be lost or irremediably adversely affected if the order is not reviewable before the final judgment. The burden is on Defendant to establish that a substantial right will be affected unless [she] is allowed immediate appeal from an interlocutory order.

*Id.* at 429, 684 S.E.2d at 704 (citations and quotations omitted). "Our appellate courts have generally taken a restrictive view of the substantial right exception." *FMB, Inc.*

*v. Creech*, 198 N.C. App. 177, 180, 679 S.E.2d 410, 412 (2009) (citation omitted).

Defendant appeals from an order which leaves for further determination the award of attorney fees, enforcement of the Contract of Separation and Property Settlement Agreement as it provides for the distribution of the marital residence, and a potential criminal contempt hearing against defendant contingent upon whether an unknown third-party enters into a real estate contract to purchase the aforementioned marital residence. Therefore, defendant's appeal is interlocutory. *See Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Further, the trial court failed to certify this matter for immediate appeal, and defendant does not argue that a substantial right will be lost should she not be allowed to appeal this interlocutory order. We will not construct an argument for her. *See First Charter Bank v. Am. Children's Home*, 203 N.C. App. 574, 580, 692 S.E.2d 457, 463 (2010) ("It is not the role of the appellate courts ... to create an appeal for an appellant[.]"). Accordingly, we dismiss this appeal.

Dismissed.

Judges HUNTER, Robert C. and STEELMAN concur.

Report per Rule 30(e).