NO. COA14-660

NORTH CAROLINA COURT OF APPEALS

Filed: 16 December 2014

WELLS FARGO BANK, N.A., successor
by merger with WACHOVIA BANK,
NATIONAL ASSOCIATION,
    Plaintiff,

    v.                                    Dare County
                                          No. 13 CVS 361
JOHN M. CORNEAL; and wife, JORENE
S. PROPER, and SUBSTITUTE TRUSTEE
SERVICES, INC., Substitute
Trustee,
    Defendants.


Appeal by defendants from order entered 18 February 2014 by Judge Walter H. Godwin, Jr. in Superior Court, Dare County. Heard in the Court of Appeals 23 October 2014.

> *Womble Carlyle Sandridge & Rice by Jesse A. Schaefer, for plaintiff-appellee.*

> *David R. Dixon, for defendants-appellants.*


STROUD, Judge.

John M. Corneal and his wife, Jorene S. Proper, ("defendants") appeal from the trial court's order granting a motion to dismiss their counterclaims. Finding no error, we affirm the trial court's order.

I.   Background

On or about 5 December 2008, defendants and Wachovia Bank, National Association executed a note, in which defendants promised to pay a principal amount of $389,890. The note's payment schedule includes a balloon payment on 4 December 2011, the maturity date. The parties secured the note by a deed of trust on a parcel of Hatteras real property owned by Corneal. Wells Fargo Bank, N.A. ("plaintiff") is Wachovia Bank's successor by merger.

Defendants failed to make the balloon payment upon maturity of the note. On or about 27 January 2012, plaintiff notified defendants of their right to cure the default. On or about 27 March 2012, plaintiff mailed defendants a notice of foreclosure.

On 10 July 2013, plaintiff sued defendants for breach of contract and judicial foreclosure. On 30 September 2013, defendants answered, raised affirmative defenses, and brought counterclaims for violations of the Unfair and Deceptive Trade Practices Act ("UDTPA") and the North Carolina Debt Collection Act ("NCDCA"). *See* N.C. Gen. Stat. ch. 75 (2013). On 2 December 2013, plaintiff moved to dismiss defendants' counterclaims pursuant to North Carolina Rule of Civil Procedure 12(b)(6). *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2013). On 17 February 2014, the trial court held a hearing on plaintiff's motion. On

18 February 2014, the trial court granted plaintiff's motion. On 19 March 2014, defendants timely filed a notice of appeal.

## II. Appellate Jurisdiction

Although defendants concede that the trial court's order is interlocutory, they contend that the order is immediately appealable because it affects a substantial right. Immediate appeal is available from an interlocutory order that affects a substantial right. *Peters v. Peters*, ___ N.C. App. ___, ___, 754 S.E.2d 437, 439 (2014). The appellant bears the burden of demonstrating that the order is appealable despite its interlocutory nature. *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 77, 711 S.E.2d 185, 189 (2011). It is not the duty of this Court to construct arguments for or find support for an appellant's right to appeal; the appellant must provide sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right. *Id.* at 79, 711 S.E.2d at 190.

In determining whether a particular interlocutory order is appealable, we examine (1) whether a substantial right is affected by the challenged order and (2) whether this substantial right might be lost, prejudiced, or inadequately preserved in the absence of an immediate appeal. *Id.* at 78, 711

S.E.2d at 189. We take a "restrictive" view of the substantial right exception and adopt a case-by-case approach. *Id.*, 711 S.E.2d at 189.

A party has a substantial right to avoid two separate trials of the same issues. *Id.* at 79, 711 S.E.2d at 190. Issues are the "same" if the facts relevant to their resolution overlap in such a way as to create a risk that separate litigation of those issues might result in inconsistent verdicts. *Id.*, 711 S.E.2d at 190. "The mere fact that claims arise from a single event, transaction, or occurrence does not, without more, necessitate a conclusion that inconsistent verdicts may occur unless all of the affected claims are considered in a single proceeding." *Id.* at 80, 711 S.E.2d at 190.

Here, defendants assert that "the issues brought to the jury by the complaint, the defenses that remain, and the counterclaims are the same—the effect and meaning of the promissory note, deed of trust, and the bank's actions (or lack thereof) surrounding the execution of the same." Defendants' counterclaims include the allegation that, at the loan's execution, Wachovia Bank, plaintiff's predecessor-in-interest, promised that defendants could refinance the loan upon maturity. Defendants' affirmative defenses of estoppel and unclean hands

also include this allegation. Accordingly, we hold that defendants have shown that their counterclaims and plaintiff's claims share a common factual issue, such that separate litigation of these claims may result in inconsistent verdicts. *See id.* at 79, 711 S.E.2d at 190. Defendants thus have successfully demonstrated that the trial court's order affects a substantial right. *See id.* at 77, 711 S.E.2d at 189. We therefore have jurisdiction to review this order. *See Peters*, ___ N.C. App. at ___, 754 S.E.2d at 439.

## III. Motion to Dismiss

Defendants contend that the trial court erred in dismissing their counterclaims pursuant to Rule 12(b)(6). *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

A.   Standard of Review

> The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Legal conclusions, however, are not entitled to a presumption of validity. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good

> claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.

*Guyton v. FM Lending Servs., Inc.*, 199 N.C. App. 30, 33, 681 S.E.2d 465, 469 (2009) (citations and quotation marks omitted). We conduct a *de novo* review of the pleadings to determine their legal sufficiency. *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 429, *disc. rev. dismissed and appeal dismissed*, 361 N.C. 425, 647 S.E.2d 98, *cert. denied*, 361 N.C. 690, 652 S.E.2d 257 (2007).

B.   Unfair and Deceptive Trade Practices Act

To establish a prima facie UDTPA claim, a plaintiff must show that:  (1) the defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; and (3) the act proximately caused injury to the plaintiff. *Phelps Staffing, LLC v. C.T. Phelps, Inc.*, ___ N.C. App. ___, ___, 740 S.E.2d 923, 928 (2013); *see also* N.C. Gen. Stat. ch. 75.

> A practice is properly deemed unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers or amounts to an inequitable assertion of power or position. To prove deception, while it is not necessary to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception, a plaintiff must,

> nevertheless, show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception.

*Capital Resources, LLC v. Chelda, Inc.*, ___ N.C. App. ___, ___, 735 S.E.2d 203, 212 (2012) (citations and quotation marks omitted), *disc. rev. dismissed and cert. denied*, ___ N.C. ___, 736 S.E.2d 191 (2013). A UDTPA action is distinct from a breach of contract action; a plaintiff must allege and prove egregious or aggravating circumstances to prevail on a UDTPA claim. *McKinnon v. CV Indus., Inc.*, 213 N.C. App. 328, 340, 713 S.E.2d 495, 504, *disc. rev. denied*, 365 N.C. 353, 718 S.E.2d 376 (2011).

In *Overstreet v. Brookland, Inc.*, the defendant promised to the plaintiff that no part of a subdivision would be used for non-residential purposes, but one year later, sold a subdivision lot to a buyer whom it knew would use the lot for non-residential purposes. 52 N.C. App. 444, 451-52, 279 S.E.2d 1, 6 (1981). This Court held that the defendant had not violated the UDTPA, because no evidence indicated that the defendant intended to break its promise *at the time* defendant made the promise. *Id.* at 452-53, 279 S.E.2d at 6-7. Similarly, in *Opsahl v. Pinehurst Inc.*, the defendant's agent represented that a projected completion date was firm and would be met. 81 N.C. App. 56, 69,

344 S.E.2d 68, 76 (1986), *disc rev. improvidently allowed per curiam*, 319 N.C. 222, 353 S.E.2d 400 (1987). The defendant, however, failed to meet the projected completion date. *Id.*, 344 S.E.2d at 76-77. This Court held that the defendant had not violated the UDTPA. *Id.* at 70, 344 S.E.2d at 77.

Here, defendants alleged that plaintiff broke its promise to allow defendants to refinance the loan upon maturity. Defendants, however, did not allege that plaintiff intended to break its promise at the time that it made the promise. In light of *Overstreet* and *Opsahl*, we hold that defendants' allegation that plaintiff broke its promise, standing alone, does not constitute a UDTPA claim. *See Overstreet*, 52 N.C. App. at 452-53, 279 S.E.2d at 6-7; *Opsahl*, 81 N.C. App. at 70, 344 S.E.2d at 77.

C.   North Carolina Debt Collection Act

To establish a NCDCA claim, a plaintiff must show, among other elements, that:  (1) the obligation owed is a "debt"; (2) the one owing the obligation is a "consumer"; and (3) the one trying to collect the obligation is a "debt collector." *Green Tree Servicing LLC v. Locklear*, ___ N.C. App. ___, ___, 763 S.E.2d 523, 527 (2014); *see also* N.C. Gen. Stat. §§ 75-50 to -56 (2013). A "consumer" means "any natural person who has incurred

a debt or alleged debt for personal, family, household or agricultural purposes." N.C. Gen. Stat. § 75-50(1). Defendants did not allege that they incurred the debt for "personal, family, household or agricultural purposes." *See id.* Accordingly, we hold that defendants did not state a NCDCA claim.

## IV. Conclusion

Because defendants have failed to state a claim under the UDTPA or the NCDCA, we affirm the trial court's order dismissing defendants' counterclaims.

AFFIRMED.

Judges GEER and BELL concur.