IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-879

Filed 17 June 2026

Cumberland County, No. 22JT000055-250

IN RE: A.S., III

Appeal by petitioner from order entered 24 June 2025 by Judge Rosalyn Hood in Cumberland County District Court. Heard in the Court of Appeals 21 May 2026.

*Dawn M. Oxendine for petitioner-appellant Cumberland County Department of Social Services.*

*N.C. Administrative Office of the Courts, by Michelle FormyDuval Lynch, for appellant guardian ad litem.*

*Jason R. Page for respondent-appellee mother.*

*Parent Defender Annick Lenoir-Peek, by Assistant Parent Defender Jacky Brammer, for respondent-appellee father.*

ZACHARY, Judge.

Petitioner Cumberland County Department of Social Services ("DSS") and the guardian ad litem ("GAL") appeal from a trial court's order dismissing without prejudice DSS's motion for termination of parental rights. After careful review, we conclude that the order is interlocutory and we dismiss the appeal.

## I.    Background

On 28 March 2022, DSS filed a juvenile petition alleging that "Andrew,"[1] the son of Respondent-Mother and Respondent-Father, was neglected and dependent. The petition alleged that Respondent-Father had assaulted Respondent-Mother while she was pregnant with Andrew, which caused her to bleed and go into early labor. The petition further stated that Respondent-Mother "tested positive for cocaine and amphetamines when [Andrew] was born" and that Respondent-Father provided her with illegal substances. Although Respondent-Parents identified Andrew's maternal grandmother as a temporary childcare provider, she had a history of substance abuse and did "not have necessary supplies for [Andrew] or funds for supplies." Andrew had been admitted to the NICU following his premature birth, and it was unknown, as of the petition's filing, when he would be discharged. DSS obtained nonsecure custody of Andrew on 28 March 2022.

After a hearing on 4 April 2022, the court entered an order continuing nonsecure custody with DSS; denying Respondent-Mother any visitation; and awarding Respondent-Father one hour per week of supervised visitation, if DNA testing confirmed his paternity. At the subsequent hearing on 11 April 2022, the court maintained nonsecure custody with DSS, continued Respondent-Father's visitation plan, and awarded Respondent-Mother one hour per week of supervised visitation on

---

[1] We employ the pseudonym adopted by the parties to protect the identity of the juvenile. *See* N.C.R. App. P. 42(b).

the condition that she submit a negative drug test. The court entered a series of similar orders through 13 September 2022.[2]

The juvenile petition came on for adjudication and temporary disposition hearings on 14 September 2022. In an order entered on 19 October 2022, the court concluded that Andrew was neglected and dependent, maintained custody with DSS, ordered Respondent-Parents to engage in their case plans, and granted each Respondent-Parent one hour per week of supervised visitation. The court entered a permanent disposition order on 30 December 2022, in which it delineated Respondent-Parents' case plans.

The trial court entered a series of permanency planning orders from 25 May 2023 to 17 March 2025.

On 11 April 2024, DSS filed a motion to terminate Respondent-Parents' parental rights.

The court held a preliminary hearing conference on the motion on 18 April 2024 and ordered that another preliminary hearing conference be set for 16 May 2024. At the 16 May hearing, the court recognized that the termination hearing would require a special setting due to its anticipated length, ordered DSS to "prepare a request for [a] special session setting for the [c]ourt to sign," and scheduled an additional preliminary hearing conference for 13 June 2024.

---

[2] In the order entered pursuant to the 14 September 2022 adjudication and temporary disposition hearing, the court adjudicated Respondent-Father to be Andrew's biological father.

A series of four orders continuing the preliminary hearing conference followed in July, August, and December 2024, each stating that it was "anticipated that this matter will require a special session setting inasmuch as it will likely take at least one (1) full day to complete. Request for [s]pecial [s]ession has been signed by the judge; however, a date has not yet been set." As of the 17 January 2025 conference date, the matter still had not been set for a special session; however, the trial court set the termination hearing for 12 February 2025 at the request of DSS.

On 12 February 2025, the parties agreed to continue the matter due to the illness of Respondent-Mother's counsel, and the court scheduled a preliminary hearing conference for 9 April 2025. On that date, the matter still had not been set for a special session; consequently, the court scheduled a preliminary hearing conference for 3 June 2025. The 3 June 2025 conference was continued to 6 June 2025, due to the absence of Respondent-Mother's counsel.

On 6 June 2025, the court heard Respondent-Parents' motions to dismiss DSS's motion for termination of parental rights for failure to prosecute. In an order entered on 24 June 2025, the court found that "that there ha[d] been ample time for this matter to have been scheduled for a special session trial or for [DSS] to make due diligence to follow up as to why the special session ha[d] not been set," and that the resulting "delay ha[d] been extremely prejudicial to [Respondent-Parents]." The court accordingly dismissed without prejudice DSS's motion to terminate Respondent-Parents' parental rights.

DSS and the GAL timely appealed the trial court's order.

## II.    **Discussion**

DSS and the GAL raise one issue on appeal: whether the trial court erred by granting Respondent-Parents' motions to dismiss the pending motion for termination of their parental rights. However, Respondent-Father contends that the appeal is interlocutory and should be dismissed. We agree with Respondent-Father.

"A judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2025). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 76, 711 S.E.2d 185, 188 (2011) (citation omitted). "As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts." *Id.* at 77, 711 S.E.2d at 188.[3]

---

[3] "Despite this general rule, immediate appeal of interlocutory orders and judgments is available . . . when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay pursuant to Rule 54(b)." *Peters v. Peters*, 232 N.C. App. 444, 446, 754 S.E.2d 437, 439 (2014) (extraneity removed). Absent this certification, "the appellant must include in the statement of grounds for appellate review sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Id.* at 447, 754 S.E.2d at 440 (extraneity removed). Neither exception applies here. *See Johnson v. Lucas*, 168 N.C. App. 515, 518–19, 608 S.E.2d 336, 338 (dismissing *ex mero motu* an interlocutory appeal where "[t]he record indicate[d] that the trial court did not certify th[e] case for immediate appeal pursuant to Rule 54(b)" and the appellant's brief contained "no discussion of any substantial right that w[ould] be affected" if the order were not immediately reviewed), *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (2005).

The rule governing interlocutory appeals "is designed to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Land v. Whitley*, 388 N.C. 296, 303, 920 S.E.2d 823, 829 (2025) (extraneity removed).

In the instant case, the trial court entered an order dismissing without prejudice DSS's motion for termination of parental rights, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b). Generally, "an order of dismissal without prejudice is interlocutory." *Harbin Yinhai Tech. Dev. Co. v. Greentree Fin. Grp., Inc.*, 196 N.C. App. 615, 620, 677 S.E.2d 854, 858 (2009). Nonetheless, we recognize that "juvenile cases do exhibit legal and procedural differences from other types of civil proceedings in which there are parties with clearly opposing interests and each party may assert various claims and counterclaims." *In re E.H.*, 227 N.C. App. 525, 529, 742 S.E.2d 844, 848 (2013), *disc. review improvidently allowed*, 367 N.C. 318, 754 S.E.2d 417 (2014). Furthermore, in juvenile proceedings, "[t]he Rules of Civil Procedure apply only when they do not conflict with the Juvenile Code and only to the extent that the Rules advance the purposes of the legislature as expressed in the Juvenile Code." *Id.* (citation omitted). Thus, it is essential to closely examine the order before us.

In this type of case, "[w]hen the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court, until the juvenile reaches the age of 18 years or is otherwise emancipated, or upon the juvenile's death,

whichever occurs first." N.C. Gen. Stat. § 7B-201(a). Here, the trial court did not relinquish its jurisdiction over Andrew, and because the motion for termination of parental rights was dismissed without prejudice, DSS may refile its motion. *See Trent v. River Place, LLC*, 179 N.C. App. 72, 76–77, 632 S.E.2d 529, 533 (2006) ("Rule 41(b) grants the trial judge power to specifically order that the dismissal is without prejudice, and, therefore, not an adjudication on the merits." (extraneity removed)).

The language of the Juvenile Code supports the conclusion that this order is interlocutory. N.C. Gen. Stat. § 7B-1001(a) provides an exhaustive list of juvenile orders that may be appealed to this Court. The only subsection that could arguably apply in this matter is (a)(2), which permits the appeal of "[a]ny order, including the involuntary dismissal of a petition, *which in effect determines the action and prevents a judgment from which appeal might be taken*." N.C. Gen. Stat. § 7B-1001(a)(2) (emphasis added). [4] In the case before us, no action has been determined, as DSS may refile its motion; accordingly, the question of whether Respondent-Parents' parental rights will be terminated in this proceeding remains open.

Further, a narrow reading of N.C. Gen. Stat. § 7B-1001(a)(2) as providing no immediate right of appeal under these facts—thereby preventing delay at the trial court level—serves the purpose of the Juvenile Code and the best interests of Andrew

---

[4] In the "Statement of the Grounds for Appellate Review" section of its brief, DSS simply cites N.C. Gen. Stat. § 7B-1001(a)(2) and declares that the order under review is "a final judgment." The GAL's brief contains no statement of the grounds for appellate review.

and similarly situated juveniles. As our Supreme Court has explained, "[t]he importance of timely resolution of cases involving the welfare of children cannot be overstated." *In re T.H.T*, 362 N.C. 446, 450, 665 S.E.2d 54, 57 (2008). " '[T]o a child, waiting for a resolution seems like forever—an eternity with no real family and no sense of belonging.' " *Id.* (quoting Evelyn Lundberg Stratton, *Expediting the Adoption Process at the Appellate Level*, 28 Cap. U.L.Rev. 121, 121 (1999)). "Notably, our Rules of Appellate Procedure provide for expedited appeals in cases involving termination of parental rights and issues of juvenile abuse, neglect, and dependency." *Id.* "Thus, in almost all cases, delay is directly contrary to the best interests of children, which is the polar star of the North Carolina Juvenile Code." *Id.* (extraneity removed).

In sum, because the trial court maintains jurisdiction over this matter and DSS may refile its motion to terminate parental rights, the order dismissing the motion without prejudice is not "final" as contemplated by N.C. Gen. Stat. § 1A-1, Rule 54(a), or § 7B-1001(a)(2). Accordingly, the order is interlocutory. As neither DSS nor the GAL argue that the order affects a substantial right, we must dismiss the appeal.

### III.    Conclusion

For the foregoing reasons, we dismiss this appeal as interlocutory.

DISMISSED.

Judge MURRY concurs.

Judge CARPENTER concurs by separate opinion.

CARPENTER, Judge, concurring.

I fully concur in this opinion and its narrow holding that we must dismiss for lack of appellate jurisdiction where appellants lack a statutory right to appeal and failed to assert a substantial right argument. Judge Zachary properly applied the law and exercised judicial restraint, limiting our analysis to the dispositive jurisdictional issue.

Our general rule against reviewing interlocutory appeals is rooted in preventing delays caused by the appellate process, but unreasonable delay at the trial level can be just as damaging, especially in juvenile proceedings. Having reviewed the record, it is unclear where responsibility for the numerous continuances lies. What is clear is the excessive delay in calendaring this matter for hearing was contrary to Andrew's best interest. This unfortunate situation could easily have been prevented with some proactivity by any number of individuals involved in this case. *See In re T.H.T.*, 362 N.C. 446, 457, 665 S.E.2d 54, 61 (2008) (Concluding that allowing bureaucratic failure to be the sole cause of delay in proceedings affecting a child's welfare is "anathema to the principles underlying the Juvenile Code").

In closing, I stress that dismissing a juvenile petition without prejudice should *never* be used as a tool to reset timeline targets established by statute. It is well settled that the best interest of the child is "the 'polar star' of the North Carolina Juvenile Code." *See id.* at 450, 665 S.E.2d at 57 (quoting *In re Montgomery,* 311 N.C.

*CARPENTER, J., concurring.*

101, 109, 316 S.E.2d 246, 251 (1984)). It appears the polar star may have been obscured here. I concur in full.